UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 25-CR-232 (DSD/SGE) |
| | ) | |
| v.         Plaintiff, | ) | |
| | ) | **DEFENDANT'S SECOND REPLY** |
| TAVON TARRELL TIMBERLAKE, | ) | **REGARDING MOTION TO DISMISS** |
| | ) | **INDICTMENT** |
| Defendant. | ) | |

Defendant, Tavon Tarrell Timberlake (hereinafter "Timberlake"), submits this second reply memorandum in support of his motion to dismiss the indictment for a speedy trial violation pursuant to the Speedy Trial Act, 18 U.S.C. § 3161. As of the date of this writing, Timberlake has been in custody 251 days.

## PROCEDURAL HISTORY

On June 10, 2025, Timberlake was indicted on a charge of felon in possession of a firearm. (ECF No. 1). On July 7, 2025, at the request of the defendant, the Court extended the motion filing deadline by 14 days. (ECF No. 16). On July 22, 2025, Timberlake filed a letter indicating that no pretrial motions would be filed and no hearing would be necessary. (ECF No. 17). On July 23, 2025, the parties informed Magistrate Judge Cowen Wright of the same, and agreed that the case was ready for trial. Pursuant to the Court's Case Management Order (ECF No. 11), the trial was already set for August 25, 2025.

1

On August 15, 2025, the government filed a motion to continue the trial date and to exclude time for at least 60 days. (ECF No. 19). In its motion the government cited that it was already in trial on a few other matters and that it needed time to organize the evidence in the Timberlake matter to get it prepared for trial.  The Court never ruled on the government's motion, and to this date no trial date has been set by the Court.

On January 9, 2026 (after 199 non-excluded days in custody), Timberlake filed a motion to dismiss the indictment for violating his speedy trial rights. (ECF No. 22). On January 12, 2026, the Court issued a briefing schedule and ordered the government to reply to the motion by January 16, 2026.  (ECF No. 23). On January 15, 2026, the government filed a motion for extension of time to respond to defendant's motion until January 30, 2026. (ECF No. 24).  On January 20, 2026, the Court granted the government's motion for extension of time to respond to defendant's motion by January 30, 2026.  (ECF No. 25). January 30, 2026, came and went and the government never filed anything.

On February 2, 2026, Timberlake preemptively filed a "reply" brief (even though the government had not responded to his original motion to dismiss) and requested the Court to grant the motion and dismiss the indictment with prejudice. (ECF No. 26). Then, on February 4, 2026, the government filed a second motion for an extension of time to respond to the motion. (ECF No. 27). On February 5, 2026, without permission from the Court to file an untimely response, the government filed its response to the motion to dismiss. (ECF No. 28). On February 11, 2026, the Court filed a text order denying the

2

government's motion for more time to file its response (ECF No. 27) and requested the defendant to file his reply by February 16, 2026. (ECF Nos. 29 and 30).

## APPLICABLE LAW

The Speedy Trial Act, 18 U.S.C. §§ 3161-74, is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in bringing prompt criminal proceedings...." *United States v. Stephens,* 489 F.3d 647, 652 (5th Cir.2007); *United States v. Williams*, 557 F.3d 943 (2009). Under the Act a defendant must be brought to trial within 70 days of his indictment or arraignment, whichever is later. *United States v. DeGarmo,* 450 F.3d 360, 362 (8th Cir.2006). That 70-day period can be interrupted because certain periods of delay are excluded by the Act from the running of the clock. *Id.* The clock is stopped by "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion*,"* § 3161(h)(1)(F), and by "delay reasonably attributable to *any period, not to exceed thirty days,* during which any proceeding concerning the defendant is actually under advisement by the court," § 3161(h)(1)(J) (emphasis supplied); *Williams*, 557 F.3d at 950.

A defendant has the burden of proof to show that his statutory right to a speedy trial has been violated. *United States v. Cordova,* 157 F.3d 587, 599 (8th Cir.1998). To meet that burden the defendant must demonstrate that more than 70 non-excludable days have passed from the date the clock began to run. § 3161(c)(1). "When a violation of the time limits of the Act is shown to have occurred, <u>dismissal is mandatory</u> on motion of the defendant." *United States v. Koory,* 20 F.3d 844, 846 (8th Cir.1994) (emphasis added).

3

# ARGUMENT

1. **THE GOVERNMENT'S RESPONSE TO THE MOTION TO DISMISS SHOULD BE STRICKEN FROM THE RECORD.**

The Court ordered the parties to submit written briefs on certain dates. (ECF No. 23). The government asked for a 2-week extension and got it. However, the government filed nothing within the time provided by the Court, and it did not timely ask for another extension. Instead, the government waited until five days after the filing deadline to file its second motion for another time extension. (ECF No. 27). Then, without receiving a permission from the Court to file an untimely pleading, the government filed its response. (ECF No. 28).

A week after the government filed its late request for more time (ECF No. 27), the Court issued an order denying the government request for more time. (ECF No. 29). Given the Court's decision to deny the government's untimely request for more time, it is reasonable to assume that the government's response (ECF No. 28) will be stricken from the record and will not be considered by the Court. Indeed, Timberlake so moves the Court to strike ECF Doc. No. 28 from the record.

2. **A MOTION FOR AN EXTENSION OF TIME IS NOT A PRETRIAL MOTION THAT TOLLS THE SPEEDY TRIAL ACT CLOCK.**

The government's motion for additional time (ECF No. 19) was a request for more time. It was not a motion that needed a hearing or any further argument or briefing. The fact that a motion for more time was filed should not indefinitely toll the STA clock from running. Pursuant to 18 U.S.C. § 3161(h)(1)(J), a motion that does not require a hearing should receive a prompt disposition and the clock starts after 30 days if there is no

4

disposition on the non-hearing motion. *Henderson v. United States*, 476 U.S. 321, 329, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986).

Under the direction of *Henderson* and 18 U.S.C. § 3161(h)(1)(J), the government's motion for more time (ECF No. 19) would toll the STA clock <u>at most</u> for only 30 days, not indefinitely. Under this scenario, and being most generous to the government, the non-excluded time Timberlake has been waiting in custody for trial would still be 169 days, which is far beyond the 70 days required by the Speedy Trial Act.

As an aside, the fact that the Court did not rule on the government's motion for additional time (ECF No. 19), should not held against the defendant, Timberlake. *Williams* states that "it goes without saying, however, that "a district court may not simply ignore a motion for a speedy trial and thereby render excludable all subsequent periods of delay."" *Williams*, 557 F.3d at 953; *citing United States v. Hall*, 181 F.3d 1057, 1061 (9th Cir. 1999).  Whatever the reason for the delay in this case, the prejudice should not be put onto the defendant, Timberlake.

   3. **DISMISSAL IS THE ONLY OPTION.**

Timberlake has met his burden. His right to a speedy trial has been violated. He has been held in custody for 169-199 non-excludable days, while he waits for trial. Timberlake filed his motion to dismiss the indictment putting the world on notice that he was asserting his speedy trial rights. (ECF No. 22). He also demonstrated that he has been in custody for a total of 251 days, less the undisputed 14 days that are excluded because of his own motion (ECF No. 13). If the court stops the STA clock on the date of

5

Timberlake's motion to dismiss, i.e., January 9, 2026, the total non-excluded time Timberlake has been in custody as of the date of his motion to dismiss is 199 days. Even if the court applies the 30-day non-hearing "prompt disposition" exclusion, the total non-excluded time is still 169 days.

No matter how you slice it, the time that Timberlake has been in custody waiting for trial far exceeds the 70 days allowed by the Speedy Trial Act. "***When a violation of the time limits of the Act is shown to have occurred, dismissal is mandatory on motion of the defendant."*** *United States v. Koory,* 20 F.3d 844, 846 (8th Cir. 1994) (emphasis added). Accordingly, this Court has only one option… dismiss the case.

## CONCLUSION

The Speedy Trial Act requires a trial within 70 days of the later of when the defendant is indicted or arraigned. Timberlake has clearly demonstrated that he has been held in custody far more than 70 days. No matter how you do the math, Timberlake's non-excluded days in custody without a trial are more than double (and nearly triple) the amount of time allowed by the Speedy Trial Act. Dismissal of the indictment is the only fair and legal option here.

Based on the foregoing argument and all the pleadings filed herewith, Timberlake respectfully requests the Court to grant his motion to dismiss the indictment due to the violation of his speedy trial rights.

Respectfully submitted,

DEVORE LAW OFFICE, P.A.

Dated: February 16, 2026                     *s/Kevin W. DeVore*
                                             Kevin W. DeVore, #267302
                                             *Attorney for Tavon Tarrell Timberlake*
                                             724 Bielenberg Drive, Suite 110
                                             Woodbury, MN  55125
                                             (651) 435-6500